UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RUSSELL ARMAND                                CIVIL ACTION NO. 6:13-cv-00181

VERSUS                                        JUDGE DOHERTY

C.R. ENGLAND, INC. AND                        MAGISTRATE JUDGE HANNA
BENJAMIN SCOTT CORNFORTH

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The plaintiff's complaint alleges that this Court has jurisdiction over this matter, under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the matter in controversy exceeds $75,000.00.  Upon review of the pleadings, the undersigned finds that the requirements for diversity jurisdiction have not been satisfied.  The undersigned also notes that the defendants' answer contains an allegation that this Court lacks subject-matter jurisdiction.

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  In this case, the plaintiff must bear that burden.  The undersigned finds, however, that the plaintiff has not established that the amount in controversy exceeds the jurisdictional threshold or that the parties are diverse in citizenship.

---

[1]     *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in his complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[2]  To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[3]  In this case, the plaintiff did not seek a determinate amount of damages in his complaint.  The undersigned also concludes that the jurisdictional amount is not otherwise "facially apparent" from the complaint because the facts alleged are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[4]  The plaintiff's complaint alleges that the plaintiff is domiciled in Louisiana.  Accordingly, the plaintiff has sufficiently alleged that he is a citizen of Louisiana.

---

[2]  *St. Paul Reinsurance*, 134 F.3d at 1253.

[3]  *St. Paul Reinsurance*, 134 F.3d at 1253.

[4]  *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

However, the plaintiff alleges that defendant Benjamin Scott Cornforth is a resident of the state of Texas. This is insufficient to establish Mr. Cornforth's citizenship. The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[5] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[6] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[7] For that reason, the undersigned will accept that Mr. Cornforth is a Texas citizen if there is no objection from the defendants.

The other defendant is C.R. England, Inc. The plaintiff alleges that England is a foreign corporation with its principal place of business in Indiana. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business. Therefore, a party invoking diversity jurisdiction must allege both the state of incorporation and

---

[5] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[6] *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[7] *Hollinger*, 654 F.3d at 571.

the principal place of business of each corporate party.[8] In this case, however, no allegation was made as to England's state of incorporation.

For these reasons, the undersigned cannot determine whether the parties are diverse in citizenship.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiff shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship and that the amount in controversy exceeds the jurisdictional minimum. These facts should be supported with summary-judgment-type evidence. The defendants will be allowed seven days to respond to the plaintiff's submission.

Signed at Lafayette, Louisiana, this 10th day of May 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[8] *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).